PER CURIAM.
This is an appeal from a Final Order of the Florida Department of Community Affairs which adopted the administrative law judge’s Recommended Order and denied Appellants’ Exceptions. The administrative law judge (“ALJ”) made certain findings of fact and concluded that appellants failed to meet their burden of establishing that the City of Miami’s approved small-scale amendment of its Comprehensive Neighborhood Plan for two parcels of property (“Parcel 1” and “Parcel 2”) along the Miami River was not in compliance with pertinent statutes and administrative regulations, was not supported by the adequate data and analysis, and/or was internally inconsistent with other provisions in the Comprehensive Neighborhood Plan.
The amendment, approved by the City in Ordinance 12776, changed the land use designation in the Future Land Use Map (“FLUM”) for Parcel 2 from “Industrial” and “Medium Density Multifamily Residential” to “Restricted Commercial.” The amendment did not change the “Medium Density Multifamily Residential” for Parcel 1. The City passed the amendment pursuant to the procedures for small-scale development amendments found in section 163.3187(l)(c), Florida Statutes (2005).
The ALJ who adjudicated appellants’ current petition[1] found that appellants were collaterally estopped from raising certain aspects of their challenge based on the adjudication of a previous petition in which the same petitioners challenged a similar small-scale amendment to the FLUM for a different parcel of property, which was also located near the Miami River. See Payne v. City of Miami, DCA Case No. 06-GM-132, DOAH Case No. 04-2754 (Fla. Dep’t of Cmty. Affairs, Final Order, June 21, 2006). The ALJ further held that the Department of Community Affairs’ Final Order in DOAH Case No. 04-2754 conclusively established certain disputed issues in this case. The Recommended Order in this case also cites the Department of Community Affairs’ Final Order in DOAH Case No. 06-759, which was a similar challenge to a third small-scale FLUM amendment for yet another piece of property along the Miami River. See Payne v. City of Miami, DCA Case No. 06-GM-214, DOAH Case No. 06-759 (Fla. Dep’t of Cmty. Affairs, Final Order, Aug. 31, 2006).
Both the Final Order in DOAH Case No. 04-2754 and the Final Order in DOAH Case No. 06-759 were appealed and each appeal, including this one, has raised almost identical challenges. On August 8, 2007, we reversed the Final Order in *71 DOAH Case No. 04-2754, and on August 29, 2007, we also reversed the Final Order in DOAH Case No. 06-759. See Payne v. City of Miami, 32 Fla. L. Weekly D1885, 2007 WL 2254570 (Fla. 3d DCA 2007) and Payne v. City of Miami, 32 Fla. L. Weekly D2055, 2007 WL 2428453 (Fla. 3d DCA 2007). Importantly, the ALJ in this case found the Final Orders in DOAH Case No. 04-2475 and DOAH Case No. 06-759 (which were reversed on appeal by this court) to be collateral estoppel in the instant action. Thus, we are compelled to reverse the order presently before us and remand for proceedings consistent with our opinions in those cases.
Reversed and remanded.

. The same ALJ adjudicated Appellants’ petition in DOAH Case No. 06-759 and this case.